FILED
2013 AUG 20 AM 9:30

BY_____ jcm _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COBB,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>RAMIRO RODRIGUEZ, ALEX CALDERSON, CHIEF WILLIAM LANSDOWNE, CITY OF SAN DIEGO, and DOES 1 through 10,<br><br>　　　　　　　　Defendants. | CASE NO. 13-CV-1353 BEN (JMA)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND VACATING HEARING**<br><br>[ECF No. 10] |

Plaintiff John Cobb, a non-prisoner appearing pro se, has filed a Civil Rights action pursuant to 42 U.S.C. §§ 1983 and 1985 against three individuals and the City of San Diego. Before the Court is Defendants' Motion to Dismiss the complaint pursuant to Federal Rule of Civil Procedure 8. Plaintiff opposes. The motion is granted.

## BACKGROUND

On June 11, 2013, pro se Plaintiff John Cobb filed suit against Ramiro Rodriguez, Alex Calderson, Chief William Lansdowne, the City of San Diego, and various "Doe" Defendants. (ECF No. 1.) On July 26. 2013, Defendants filed a motion to dismiss the complaint for failure to comply with Federal Rule of Civil Procedure 8. (ECF No. 10.) Plaintiff filed a response. (ECF No. 16.) Defendants

filed a reply. (ECF No. 17.) The Court now resolves the motion without oral argument pursuant to Civil Local Rule 7.1.d.1.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure sets forth the pleading requirement for the federal courts. Principally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Further, each allegation "must be simple, concise and direct." FED. R. CIV. P. 8(d)(1). Detailed factual allegations are not necessary, but Rule 8 does call for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Above all, a pleading must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Federal Rule of Civil Procedure 8 "applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

Plaintiff's complaint, including exhibits, is 137 pages long and asserts eighteen claims for relief in 345 paragraphs. It is rambling, disjointed, and cluttered with evidentiary detail and legal analysis. The focus is his allegedly wrongful arrest on June 27, 2012 by San Diego police officers Calderson and Rodriguez. However, Plaintiff's allegations spread much further. He discusses numerous incidents dating back to 1979 and a "recent persecution for a sex-crime which never occurred" (Compl. ¶¶ 124-25). He alleges that "the City of San Diego and the San Diego Police Department, have been conducting illegal (unconstitutional and unlawful) 'checkpoint / dragnet / field interview / stop-and-identify / general exploratory search[es] / fishing expedition' operations, as explained and defined herein, for the past 32 years." (Compl. ¶ 135.) He accuses the City of conducting phony internal

affairs investigations, falsely prosecuting him, and engaging in a wide-ranging conspiracy, including the maintenance of an "erroneous Fourth Amendment waiver that was in the 'SD Law' database" (Compl. ¶ 143). Further, he alleges that "certain judges and commissioners, primarily Irish Catholic and Jewish individuals, are acting to prejudice Plaintiff's cases" in violation of due process. (Compl. ¶ 11.) He alleges that they have done so in a conspiracy with "certain police officers, prosecutors, and defense counsel." (Compl. ¶ 12.) For all eighteen causes of action, Plaintiff incorporates all previous allegations.

It is not realistic to expect the Defendants to prepare a responsive pleading to such shotgun pleading. As the Ninth Circuit has observed, "[p]rolix, confusing complaints such as the one[] plaintiff[] filed in this case impose unfair burdens on litigants and judges. As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiff[] filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected." *McHenry*, 84 F.3d at 1179-80.

Because Plaintiff's complaint does not contain a short and plain statement of the claims for relief, the Court grants Defendants' motion to dismiss pursuant to Rule 8. If Plaintiff chooses to file a first amended complaint in this matter, that pleading must state the grounds for the Court's jurisdiction, must clearly and concisely state which defendants are liable for which wrongs, and must include a demand for the relief sought.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion to dismiss and **VACATES** the hearing scheduled for August 26, 2013. Plaintiff's

complaint is dismissed without prejudice. Any amendment must be filed and served on the named defendants by **September 30, 2013**.

**IT IS SO ORDERED.**

DATED: August /5, 2013

HON. ROGER T. BENITEZ
United States District Court Judge