FILED

14 APR -8 AM 10: 14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JOHN COBB, | CASE NO. 13-CV-1353 |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **(1) DENYING REQUEST FOR ENTRY OF DEFAULT** |
| | **(2) DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| RAMIRO RODRIGUEZ; ALEX CALDERSON; CHIEF WILLIAM LANSDOWNE; CITY OF SAN DIEGO: and Does 1 through 10, | **(3) EXTENDING TIME FOR PLAINTIFF TO PROPERLY SERVE COMPLAINT** |
| | **(4) DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS** |
| Defendant. | [Docket Nos. 25, 26] |

Before this Court is Plaintiff John Cobb's Motion for Entry of Default Judgment. (Docket No. 25) and Defendants' Motion to Dismiss (Docket No. 26). Plaintiff has also requested that the Clerk of the Court enter default. (Docket No. 20). For the reasons stated below, the request for entry of default is **DENIED**, the Motion for Entry of Default Judgment is **DENIED**, and the Motion to Dismiss is **DENIED AS MOOT**.

## BACKGROUND

Plaintiff John Cobb filed a Section 1983 complaint on June 11, 2013. On August 20, 2013, this Court granted Defendants' motion to dismiss the complaint. (Docket No.

18). This Court gave Plaintiff leave to amend his complaint, and required that "[a]ny amendment must be filed and served on the named defendants by **September 30, 2013**." (Docket 18 at 3-4).

Plaintiff filed a First Amended Complaint (FAC) on September 30, 2013, along with a proof of service indicating that a copy of the FAC had been mailed to defense counsel. (Docket Nos. 19, 19-1). Plaintiff requested that the Clerk of the Court enter default on February 4, 2014. (Docket No. 20). That request was not granted because no summons returned executed had been filed. (*Id.*) On February 7, 2014, Plaintiff filed a proof of service, dated the same day, which indicated that (1) defense counsel had been served on September 30, 2013, and (2) that a copy of the FAC had been mailed to the named defendants on February 7, 2014. (Docket No. 21). Plaintiff filed a Motion for Entry of Default Judgment on March 13, 2014. (Docket No. 25). Defendants filed a Motion to Dismiss the FAC on March 19, 2014. (Docket No. 26).

## MOTION FOR DEFAULT JUDGMENT

Defendants filed an Opposition to the Motion for Default Judgment on March 27, 2014. (Docket No. 27). In the Opposition, Defendants contended that Plaintiff's Motion for Default Judgment should be dismissed and the case dismissed because Plaintiff failed to satisfy the procedural requirements for a default judgment, and because he has not properly served the defendants. (*Id.* at 2). Plaintiff filed a Reply on April 3, 2014. (Docket No. 28).

### A. Entry of Default or Default Judgment Would Be Improper

After a full review of the briefing on the motion for default, as well as the related arguments proffered by Defendants in their Motion to Dismiss, it is apparent that the entry of default and default judgment is not appropriate. Plaintiff has not yet met the technical requirements for serving Defendants.

A plaintiff must serve defendants within 120 days of filing a complaint. *See* FED. R. CIV. P. 4(m). If a plaintiff fails to do so, the action must be dismissed without prejudice against the defendant, or the court must order that service be made within a

1    specified time. *Id.* If the plaintiff shows good cause for the failure, the court must
2    extend the time for service for an appropriate period. *Id.*

3        The notices of appearance filed in this matter stated that communication with
4    defendants should be served upon attorneys, with the exception of "original service of
5    process." (Docket Nos. 5, 9). Defendants also point to this Court's order stating that
6    any amendment was required to be "served on the named defendants by September 30,
7    2013." To serve an individual defendant, a plaintiff must comply with Federal Rule
8    of Civil Procedure 4(e). Service on a local government must comply with Federal Rule
9    of Civil Procedure 4(j)(2). Plaintiff did not utilize any of the methods authorized by
10   the Rules. Plaintiff's only attempt at service within 120 days of filing his complaint
11   was to mail a copy of the FAC to defense counsel. As such, Plaintiff did not serve the
12   Defendants in a timely and proper fashion.

13       As Defendants were not properly served, entry of default and default judgment
14   for failure to respond to the FAC is inappropriate. Plaintiff's Request for Entry of
15   Default is **DENIED**. Plaintiff's Motion for Default Judgment is therefore **DENIED**.

16       B. An Extension of Time to Serve the Complaint is Merited

17       Plaintiff's failure to properly serve Defendants within the time limit set by
18   Federal Rule of Civil Procedure 4(m) obligates this court to dismiss the action, order
19   service within a specific time, or extend the time for service if good cause exists.
20   Defendants ask this Court to dismiss the complaint without allowing Plaintiff to re-file.

21       Dismissal without leave to re-file or amend is inappropriate in this instance.
22   Plaintiff, who is proceeding pro se, clearly attempted to serve the defendants. Given
23   that he had previously been informed that he could serve defendants by providing a
24   copy of the document to their attorney, his mistake does not reflect bad faith. Plaintiff
25   could have mistakenly believed that he had properly served Defendants, especially
26   given his undisputed assertion that the City confirmed receiving the FAC. (Docket No.
27   25-2 at 2). There is no indication that the City ever informed Plaintiff that his efforts
28   to serve Defendants were flawed. Furthermore, although Plaintiff's efforts at service

were not technically correct, it put Defendants (or at least their counsel) on actual notice of the FAC. The harsh remedy of dismissal without leave to amend is not warranted where a pro se plaintiff was previously given leave to amend, and made a good-faith mistake due to apparent difficulties in understanding the technicalities of service of process. *See Motley v. Parks*, No. CV-1472, 2001 WL 849637, at *4-5 (C.D. Cal. July 23, 2001) (extending time under Rule 4(m) where plaintiffs made good faith efforts to personally serve defendants and could have mistakenly believed that service had been effected).

Upon review of the complete record and the briefing in this matter, the Court finds good cause to grant Plaintiff additional time in which to serve the FAC upon the Defendants in a manner approved by the Federal Rules of Civil Procedure. Plaintiff must serve the named defendants **no later than May 9, 2014**. Failure to do so will result in dismissal of this case pursuant to Federal Rule of Civil Procedure 4(m).

## MOTION TO DISMISS

As Defendants' Motion to Dismiss was filed in reference to a pleading that was improperly served, and addressed the procedural problems with the service of the FAC, the Motion to Dismiss is **DENIED AS MOOT**. The hearing on May 27, 2014 is **VACATED**. This denial is without prejudice, and does not preclude Defendants from filing a new motion to dismiss containing the same arguments found in Docket No. 26.

## CONCLUSION

The Request for Entry of Default is **DENIED**. The Motion for Default Judgment is **DENIED**. Plaintiff is **ORDERED** to serve the First Amended Complaint upon the named defendants **no later than May 9, 2014**. Defendant's Motion to Dismiss is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: April 7, 2014

HON. ROGER T. BENITEZ
United States District Judge