FILED
2016 JUN 27 PM 1:44
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: TH DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JOHN COBB,
Plaintiff,
v.
RAMIRO RODRIGUEZ, et al.,
Defendants.

Case No.: 3:13-cv-01353-BEN-JMA

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before this Court is a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b), filed by Plaintiff John Cobb. (Docket No. 86.)[1] Plaintiff asks the Court

[1] For good cause shown, the Court **GRANTS** Defendants' and Plaintiff's ex parte applications to file late opposition and reply briefs, respectively. (Docket Nos. 94, 95.) The Court considers Defendants' Opposition and Plaintiff's Reply in this Order. The Court **DENIES** Plaintiff's ex parte application to the extent it requests the Court order the identification of two witnesses, order Defendants to pay for these witnesses' depositions, and order Defendants to produce these witnesses at trial. These issues are also raised in Plaintiff's Motion for Sanctions and/or To Re-Open Discovery. (Docket No. 93.) The Court will address those issues after full briefing. The Court **DENIES** Plaintiff's Request for Judicial Notice of a separate civil rights case involving Plaintiff, Case No. 16-cv-01474-MMA-NLS (S.D. Cal.). Plaintiff asserts, in conclusory fashion, that this case is related to the instant dispute because he was allegedly jailed as a result of the incidents alleged in Case No. 16-cv-01474, and that imprisonment disrupted a motion in this case

to reconsider its orders denying Plaintiff's motion to amend his Complaint for a third time (Docket No. 76) and his motion for summary judgment (Docket No. 81.) For the reasons stated below, the Motion is **DENIED.**

## BACKGROUND

Plaintiff Cobb, proceeding pro se, filed a civil rights complaint on June 11, 2013. (Docket No. 1.) Plaintiff subsequently filed and served the operative Second Amended Complaint on June 5, 2015 ("SAC"). On May 9, 2016, this Court denied Plaintiff's motion for leave to file a third amended complaint. (Docket No. 76.) Plaintiff sought to add a defendant, Officer Jason Zdunich, and add claims against Zdunich and the City of San Diego based on information learned from discovery. The Court found that amendment would prejudice the named and proposed defendants, and that Plaintiff had not shown diligence in seeking to amend. Plaintiff now asks the Court to reconsider its denial.

On May 13, 2016, this Court denied Plaintiff's motion for summary judgment. (Docket No. 81.) Plaintiff also seeks reconsideration of this denial.

## DISCUSSION

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding upon a showing of mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (explaining that the catch-all provision should be used sparingly as an equitable remedy to prevent manifest injustice). It appears that Plaintiff seeks to set aside the orders based on mistakes by the Court and himself.

---

seeking to depose Atilia Cilingir. (Docket No. 62.) This Court denied Plaintiff's request to depose Cilingir, finding that "[a]ny issues involving Cilingir . . . bear no relevance to the claims asserted in this case." (Docket No. 64.) Given that this Court decided Plaintiff's request to depose Cilingir on the merits and that Plaintiff has not shown that he was prejudiced by his alleged imprisonment, the Court finds that Case No. 16-cv-01474 is not relevant to the issues in this case and, as such, declines to take judicial notice.

Motions for reconsideration "should not be granted, absent highly unusual circumstances." *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-cv-1660-J, 2007 WL 2456223, at *2 (S.D. Cal. Aug. 23, 2007). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Life Techs. Corp. v. Illumina, Inc.*, No. 11-cv-00703, 2012 WL 10933209, at *1 (S.D. Cal. June 11, 2012) (quoting *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)). Moreover, motions to reconsider are not a platform to relitigate arguments and facts previously considered and rejected. *See Harrison v. Sofamor/Danek Grp., Inc.*, No. 94-cv-0692, 1998 WL 1166044, at *3 (S.D. Cal. Sept. 15, 1998).

**I. Denial of Plaintiff's Motion for Leave to Amend Complaint**

Plaintiff asserts numerous arguments why the Court should reconsider its denial of his motion for leave to file a third amended complaint. In sum, he argues that he had a right to file his motion to amend by the scheduling order's deadline for filing pretrial motions and the Court made a mistake in its interpretation of the scheduling order's deadlines; that he could not have amended his complaint before the completion of discovery; and that Defendants cannot claim prejudice by the proposed amendment because they attempted to delay the deposition of proposed defendant Zdunich and "should have been prepared that Plaintiff would make an amended complaint." (Docket No. 86.)[2]

The Court considers and rejects Plaintiff's arguments. To the extent Plaintiff argues that the Court rejected his motion based on untimeliness under the scheduling order, he misreads the Court's order. The Court did not deny his motion based on the

---

[2] Plaintiff also argues that the Court used the wrong standard in assessing his motion for leave to amend. The Court applied the good cause standard from Rule 16, but Plaintiff argues that Rule 15 should apply. The Court already considered and rejected Plaintiff's argument that Rule 15 applies. *See* Docket No. 76. Thus, this is not an appropriate basis to grant reconsideration of Plaintiff's motion. *See Harrison*, 1998 WL 1166044, at *3.

timeliness of its filing, but rather because it was filed so late in the litigation and granting the motion would necessitate the reopening of discovery, thus further delaying the case. (Docket No. 76.) Second, the Court already considered Plaintiff's arguments about newly discovered evidence and potential prejudice to Defendants. Plaintiff's current arguments offer nothing new and have not shown that the Court's denial was in error. His contention that Defendants acted in bad faith by delaying the deposition of Officer Zdunich could have been raised in his earlier motion. "A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision." *See Moses v. White*, No. 13-cv-2610, 2013 WL 6795623, at *1 (S.D. Cal. Dec. 20, 2013). Therefore, Plaintiff's Motion to reconsider the Court's denial of his request to file a third amended complaint is **DENIED.**

**II. Denial of Plaintiff's Motion for Summary Judgment**

Plaintiff argues that the Court should reconsider its denial of his motion for summary judgment because Plaintiff "made an error" in how he described Defendant Rodriguez's description of their encounter, and "his error . . . enables the District Court to rule that Plaintiff was unreasonably detained by Defendants." (Docket No. 86-2 at 10, 11.) The Court again rejects Plaintiff's argument. Plaintiff could have raised this issue in his motion for summary judgment. Assuming the Court can grant relief for mistake by a party, *but see Buford v. Wasco State Prison*, No. 01-cv-05192, 2007 WL 2750684, at *1 (E.D. Cal. Sept. 19, 2007) (finding that plaintiff's own error is not grounds to set aside an order under Rule 60), Plaintiff has neither explained nor presented any legal authority to demonstrate how this mistake creates genuine issues of material fact. Accordingly, Plaintiff's Motion to reconsider the Court's denial of his motion for summary judgment is **DENIED.**[3]

---

[3] The Court notes that Plaintiff makes some arguments that do not relate to either of the orders at issue in this Motion. First, he alleges that impeachment evidence, specifically

## CONCLUSION

Plaintiff has not met the high standards to warrant granting his Motion for Reconsideration pursuant to Rule 60(b). Plaintiff's Motion is **DENIED.**

**IT IS SO ORDERED.**

DATED: June 27, 2016

HON. ROGER T. BENITEZ
United States District Judge

---

"evidence held by the 'Field Interview Report' witnesses, is being suppressed." Docket No. 86-2 at 5. To the extent Plaintiff argues that the Court has suppressed this evidence, he is incorrect. Motions in limine have not been filed, much less decided. To the extent Plaintiff argues that Defendants are withholding relevant evidence, the proper avenue for relief is a motion to compel during the discovery period. Second, Plaintiff asserts that government officials discriminated against him in connection with his 2006 arrest and conviction for a lewd bathroom act at the University of California at San Diego campus. The 2006 incident has nothing to do with the events of this case and is an attempt by Plaintiff to relitigate old cases and old issues. *See* Docket No. 64 (order discussing Plaintiff's attempts to relitigate the 2006 incident).