UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN COBB,

Plaintiff,

v.

RAMIRO RODRIGUEZ, et al.,

Defendants.

Case No.: 3:13-cv-01353-BEN-JMA

**ORDER:**

**(1) DENYING PLAINTIFF'S MOTION FOR SANCTIONS AND/OR TO REOPEN DISCOVERY (ECF No. 93);**

**(2) GRANTING DEFENDANTS' EX PARTE APPLICATION TO QUASH SUBPOENA (ECF No. 114); and**

**(3) DENYING PLAINTIFF'S EX PARTE APPLICATION TO PRODUCE NONREDACTED FIELD INTERVIEW REPORT (ECF No. 120)**

On June 20, 2016, Plaintiff John Cobb filed a Motion for Sanctions and/or to Reopen Discovery. (ECF No. 93.) Defendants opposed the Motion. (ECF No. 98.) Related to Plaintiff's Motion and addressed in this Order are Defendants' Ex Parte Application to Quash Subpoena and for Sanctions and Plaintiff's Ex Parte Application to Produce Nonredacted Field Interview Report. (ECF Nos. 114, 120.) For the reasons

stated below, Plaintiff's Motion for Sanctions and/or to Reopen Discovery is **DENIED**, Defendants' Ex Parte Application to Quash Subpoena is **GRANTED**, and Plaintiff's Ex Parte Application to Produce Nonredacted Field Interview Report is **DENIED.**

## BACKGROUND

Plaintiff, proceeding *pro se* in a civil rights action related to his arrest for being under the influence of a controlled substance, seeks sanctions and/or the reopening of discovery based on Defendants' alleged purposeful failure to disclose witnesses and produce documents. Plaintiff argues that Defendants have concealed the identities of a white male witness and a black male witness seated at a picnic table who observed Plaintiff's detention. (Mot. at 5, 10, 14.) Defendants have maintained throughout discovery that the white male was undercover police officer Jason Zdunich and the black male was an individual that was detained and released at the time of Plaintiff's detention. (Opp'n at 2; *see also* Pl.'s Ex. 14, Def. Calderson's Interrog. Resp. at 19 ("We detained an undercover officer, Jason Zdunich, and an African American man after the African American male propositioned Officer Zdunich for sexual acts.")) During discovery, Defendants tried to determine the identity of the black male in response to requests from Plaintiff, but were not able to determine his identity. (Pl.'s Ex. 21; Decl. of Stacy J. Plotkin-Wolff ¶ 6.)

Plaintiff now argues that the white male subject of Field Interview Report 2064694, whose name was redacted to protect his privacy, was the white male seated at the picnic table and not Officer Zdunich. (Mot. at 14.) The Field Interview Report identifies a companion of the white male subject named Derrick Cooper. (Pl.'s Ex. 8.) Plaintiff believes that Mr. Cooper is the black male witness. (Mot. at 14.) Alternatively, Plaintiff asserts that Mr. Cooper is the white male witness. (Mot. at 5.) Defendants tried to identify Mr. Cooper's race by checking the DMV database and the database of persons who have been incarcerated, but Mr. Cooper did not appear in either database. (Decl. of Plotkin-Wolff ¶ 7.)

On July 7, 2016, Plaintiff subpoenaed Defendants, commanding production of a nonredacted version of Field Interview Report 2064694.[1] (ECF No. 120 at 10.) Plaintiff subsequently filed an ex parte application with this Court, requesting the Court order production of the nonredacted report. (ECF No. 120.) In response, Defendants filed an ex parte application to quash the subpoena and request sanctions against Plaintiff. (ECF No. 114.)

In his Motion for Sanctions and/or to Reopen Discovery, Plaintiff also asserts that Defendants failed to disclose in a timely manner Defendant Ramiro Rodriguez's Field Interview Report 2124723. (Mot. at 13.) He contends that this Field Interview Report should have been disclosed in February 2016 as part of Defendants' Response to Plaintiff's Request for Production, but was not produced until June 2016 when he requested it from the City Attorney upon realizing it had not been included in Defendants' production. (Decl. of John Cobb ¶ 60-61.) Plaintiff asserts that the untimely disclosure has prejudiced his case because he would have deposed Defendant Rodriguez had Plaintiff known about Field Interview Report 2124723. (*Id.* ¶ 63.)

Plaintiff asks the Court to sanction Defendants by (1) entering default judgment, (2) dismissing their affirmative defenses, (3) instructing the jury that Defendants have concealed evidence and witnesses and that this infers that Plaintiff did not exhibit symptoms of being under the influence of a controlled substance, (4) instructing the jury that Plaintiff did not exhibit symptoms of being under the influence of a controlled substance, or (5) ordering the identification and production at trial of the white and black male witnesses. (ECF No. 93-1 at 17; ECF No. 95-4 at 2.)

Defendants counter that Plaintiff's Motion is completely unsubstantiated, and they seek attorney's fees for the time spent responding to the Motion. (Opp'n at 7.)

---

[1] The Court **GRANTS** Defendants' request to take judicial notice of the fact that the San Diego Police Department ("SDPD") is a municipal department of the City of San Diego. (ECF No. 114-1.)

**DISCUSSION**

**I. Plaintiff's Motion for Sanctions and/or to Reopen Discovery**

Under Civil Local Rule 26.1(a), the Court will not entertain "motion[s] pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred . . . in person." The Scheduling Order repeats the requirement to meet and confer and mandates that "[a] failure to comply in this regard will result in a waiver of a party's discovery issue." (ECF No. 55 ¶ 5.) These rules alone are reason enough to deny Plaintiff's Motion. The parties did not meet and confer in person. (Decl. of Plotkin-Wolff ¶ 5.)

However, the Court will also address the merits of the Motion. In general, a pretrial scheduling order can only be modified upon a showing of "good cause." Fed. R. Civ. P 16(b). The Ninth Circuit has held that in determining whether there is good cause to reopen discovery, courts should consider the following factors: "(1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence." *U.S. ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995), *vacated on other grounds*, 520 U.S. 939 (1997).

The Court's authority to sanction a party for concealing evidence arises from its "inherent power to impose sanctions in response to litigation misconduct and from Rule 37," *Lewis v. Ryan*, 261 F.R.D. 513, 518 (S.D. Cal. 2009), under which sanctions are available against a party who "fails to provide information or identify a witness as required by Rule 26(a) or (e)," Fed. R. Civ. P. 37(c)(1). Dismissal and default are only appropriate when circumstances evidence willful disobedience of court orders or bad faith conduct. *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1053 (S.D. Cal. 2015). To justify an adverse jury instruction, the spoliating party's

degree of fault and the resulting prejudice to the other party must be significant. *Id.* at 1054.

Here, the Court finds that Plaintiff has not shown good cause to reopen discovery. Nor has he demonstrated any basis to sanction Defendants. Defendants redacted the Field Interview Reports to protect the privacy of the individuals detained pursuant to federal and state laws. At the time of their production in February, Plaintiff could have moved to compel production of nonredacted versions. But he did not. Now, four months after their production and weeks before trial, Plaintiff seeks to reopen discovery and sanction Defendants for their alleged concealment of the white and black male witnesses. However, Defendants did not conceal these witnesses' identities. They identified the white male witness as Officer Zdunich and attempted to identify the black male witness. Defendants even performed extra investigative steps to determine the race of Mr. Cooper but were unable to find him in two databases.

As to Field Interview Report 2124723, the Court is not convinced that its untimely production has prejudiced Plaintiff. Plaintiff had four months to realize that a document he requested was (apparently) inadvertently left out of a production. He ultimately did receive the report. The document itself is similar in nature to the other Field Interview Reports and does not appear critical to the outcome of the case. Plaintiff's argument that he would have deposed Defendant Rodriguez had he been aware of this report is not well-taken. Defendant Rodriguez was one of the arresting officers and has been a named defendant since this action began. While the Court does not question Plaintiff's litigation strategy, the Court does not credit Plaintiff's assertion that this report would have tipped the balance in favor of deposing Defendant Rodriguez.

Plaintiff has not been diligent in seeking the discovery he now desires. Granting his motion would delay this case and prejudice Defendants. Moreover, the facts do not demonstrate litigation misconduct from Defendants or a failure to comply with the

Federal Rules governing discovery. Therefore, the Court **DENIES** Plaintiff's Motion for Sanctions and/or to Reopen Discovery.[2]

**II. Ex Parte Applications Related to Field Interview Report 2064694**

Consistent with its reasoning above, the Court **DENIES** Plaintiff's ex parte application to order production of the report and **GRANTS** Defendants' ex parte application to quash the subpoena. Plaintiff's attempt to subpoena Defendants violates the deadlines established in the Scheduling Order and is an end-run around the discovery rules. A subpoena duces tecum under Fed. R. Civ. P. 45 issues to a non-party, while parties must use Fed. R. Civ. P. 34 to compel production of documents from one another. *See Marti v. Baires*, No. 08-cv-653, 2012 WL 2029720, at *26 (E.D. Cal. June 5, 2012); *Slama v. City of Madera*, No. 08-cv-810, 2011 WL 6100511, at *2 (E.D. Cal. Dec. 7, 2011). "Pro se or not . . . this is a civil action to which the Federal Rules of Civil Procedure apply." *Marti*, 2012 WL 2029720, at *3. Plaintiff had four months to seek a

---

[2] Plaintiff also asks this Court to take judicial notice of certain filings in four unrelated cases. (ECF No. 93-2.) Defendants oppose the request. (ECF No. 99.) A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States* ex rel. *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Plaintiff uses these filings to try to prove an over-arching conspiracy within the San Diego Police Department to cover-up civil rights violations perpetrated by its patrol officers. (ECF No. 93-1 at 3-4, 8-9.) Although Plaintiff's conspiracy claim against Defendants Calderson and Rodriguez remains, the Court has already found that "there are no facts to indicate the City's . . . involvement" in the incident. (ECF No. 42 at 6.) Therefore, the Court is not convinced that the filings bear a direct relation to the matters at issue in this case. Furthermore, Plaintiff uses the filings for the validity or veracity of their contents, which is improper. *United States v. S. Cal. Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004) ("While the authenticity and existence of a particular order, motion, pleading or judicial proceeding, which is a matter of public record, is judicially noticeable, veracity and validity of its contents (the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law) are not."). Thus, Plaintiff's request for judicial notice is **DENIED** without prejudice.

nonredacted version of the report or compel its production. He chose not to do so until now, only a few weeks before trial. The Court will not indulge such a delayed request.

**III. Defendants' Request for Sanctions and Attorney's Fees**

Defendants seek sanctions for Plaintiff's failure to comply with the Court's Scheduling Order and discovery rules, as well as attorney's fees for the time spent responding to Plaintiff's Motion for Sanctions and/or to Reopen Discovery. (ECF No. 98 at 7, ECF No. 114 at 6-7.)

The Federal Rules of Civil Procedure and the Civil Local Rules permit a court to sanction a party in numerous ways. *See* Fed. R. Civ. P. 11, 16(f), 37; CivLR 83.1. Federal courts also have inherent power to sanction a party and assess attorney's fees when a party has willfully disobeyed a court order or acted in bad faith. *See, e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Sanctions may serve either remedial and compensatory purposes or punitive and deterrent purposes. *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983).

*Pro se* plaintiffs, like Plaintiff Cobb here, are given special solicitude, and courts should be cautious in sanctioning their conduct. *See Adams v. Nankervis*, 902 F.2d 1578 (9th Cir. 1990). The Court acknowledges that "what is objectively reasonable for a *pro se* litigant and an attorney may not be the same." *Kennar v. Kelly*, No. 10-cv-2105, 2011 WL 2116997, at *9 (S.D. Cal. May 27, 2011). Therefore, the Court presently declines to sanction Plaintiff and order an award of attorney's fees to Defendants. However, the Court strongly cautions Plaintiff against continuing to defy the Court's Scheduling Order, the Federal Rules of Civil Procedure, and the Civil Local Rules of the Southern District of California. Defendants may renew their request at the close of litigation, and the issue can then be briefed in full. Thus, Defendants' request is **DENIED** without prejudice.

**IV. Conclusion**

The Court **DENIES** Plaintiff's Motion for Sanctions and/or to Reopen Discovery. (ECF No. 93.) The Court **GRANTS** Defendants' Ex Parte Application to Quash Subpoena and **DENIES** Plaintiff's Ex Parte Application to Produce Nonredacted Field

Interview Report. (ECF Nos. 114, 120.) The Court **DENIES** Defendants' requests for sanctions and attorney's fees without prejudice. (ECF Nos. 98, 114.)

**IT IS SO ORDERED.**

Dated: July 18, 2016

Hon. Roger T. Benitez
United States District Judge