UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN COBB,<br><br>                Plaintiff,<br><br>v.<br><br>RAMIRO RODRIGUEZ, ALEX CALDERSON, CHIEF WILLIAM LANSDOWNE, CITY OF SAN DIEGO, and DOES 1 THROUGH 10,<br><br>                Defendants. | Case No.: 3:13-cv-01353-BEN-JMA<br><br>**ORDER:**<br><br>**(1) QUASHING PLAINTIFF'S SUBPOENA TO CERTAIN SAN DIEGO POLICE OFFICERS (ECF No. 146);**<br><br>**(2) QUASHING PLAINTIFF'S SUBPOENA TO CUSTODIAN OF RECORDS OF CITIZENS' REVIEW BOARD (ECF No. 147);**<br><br>**(3) QUASHING ALL SUBPOENAS FOR DOCUMENTS ISSUED TO SAN DIEGO POLICE DEPARTMENT (ECF No. 149); and**<br><br>**(4) DENYING SANCTIONS AGAINST PLAINTIFF.** |

    Defendants have filed three motions to quash subpoenas issued by Plaintiff John Cobb. (ECF Nos. 146, 147, 149). Plaintiff opposes. (ECF Nos. 153, 155, 156.) Federal Rule of Civil Procedure 45(d)(3) requires a district court to quash or modify a subpoena

1

that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3). Subpoenas may also be quashed for being untimely. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 561 (S.D. Cal. 1999) ("Case law establishes that subpoenas under Rule 45 are discovery, and must be utilized within the time period permitted for discovery in a case.").

The Court addresses each motion to quash in turn.

## I. Motion to Quash Subpoenas to San Diego Police Officers Bernie Colon, Michelle Velovich, and Jeffrey Peterson

Defendants move to quash subpoenas for the trial appearances of three San Diego Police Department ("SDPD") officers: Capt. Bernie Colon, Sgt. Michelle Velovich, and Lt. Jeffrey Peterson. (ECF No. 146.) These officers are assigned to Internal Affairs ("IA"). (*Id.*) Defendants argue that these officers' testimonies are not relevant to any of the three claims to be tried because none of these officers were involved in the detention, search, and arrest of Plaintiff. (*Id.*) Plaintiff counters that their testimonies are relevant because he alleges that IA entered into a conspiracy to cover-up his unlawful arrest by not conducting an investigation of his complaint to the Citizens' Review Board ("CRB"). (ECF No. 156.)

The Court agrees with Defendants. The Court has already ruled that evidence that IA did not investigate Plaintiff's complaint is not relevant to the remaining claims. (ECF No. 159.) Requiring these officers' appearance when their testimony is not relevant would subject them to an undue burden. *See Brown v. Deputy No. 1*, No. 12-cv-1938, 2014 WL 842946, at *3 (S.D. Cal. Mar. 4, 2014) ("[A]lthough irrelevance is not among the enumerated reasons for quashing a subpoena under 45(c)(3), federal courts have incorporated relevance as a factor to be considered when ruling on a motion to quash. . . . An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party."). The Motion is **GRANTED.**

/ / /
/ / /

## II. Motion to Quash Subpoena to Custodian of Records of Citizens' Review Board

Defendants move to quash a subpoena served on the "Custodian of Records, or Legal Department, of the Citizens' Review Board on Police Practices" that demands the production of documents and appearance of the records custodian at the August 2, 2016 trial. (ECF No. 147.) The subpoena was served on July 14, 2016, three weeks before trial. (*Id.*)

During discovery, in response to Plaintiff's request for production of documents, Defendants produced "any and all documents relating to the Penal Code Section 832.5 (regarding Citizens' Review Board) complaint that Plaintiff Cobb made" regarding the incident that is the subject of this action. (*Id.* at Ex. 2.) Plaintiff now subpoenas for the following documents: (1) an unredacted copy of Plaintiff's own CRB complaint; (2) the results of any investigation of his complaint; and (3) the "status, or other, relating to the disposition of" the investigation. (*Id.* at Ex. 1.) He seeks the trial appearance of the custodian to authenticate his complaint. (*Id.*)

Defendants argue the subpoena should be quashed because it is untimely, has been issued to a party to the lawsuit, and is not necessary for authentication. (*Id.*) Plaintiff contends that the CRB is involved in a cover-up of his unlawful arrest and that the "subpoena is necessary to authenticate the requested documents at trial." (ECF No. 155.)

The Court agrees with Defendants. Plaintiff already received discovery on the topics that are the subject of the subpoena, and the subpoena was served more than three months after discovery closed on April 4, 2016, and upon the eve of trial. *See Integra Lifesciences*, 190 F.R.D. at 561-62 (stating that subpoenas duces tecum issued after discovery deadlines should be quashed). Plaintiff can authenticate his own CRB complaint, as he has personal knowledge of its drafting and submission. Fed. R. Evid. 901(b)(1). Furthermore, in ruling on motions in limine, the Court ruled that evidence that CRB did not investigate Plaintiff's complaint is not relevant to the claims to be tried. (ECF No. 159.)

Therefore, the subpoena is untimely and places an undue burden on the custodian of records. The Motion is **GRANTED.**

### III. Motion to Quash All Subpoenas for Documents Issued to San Diego Police Department

Defendants move to quash all subpoenas for production of records served on the SDPD. (ECF No. 149.) Defense counsel learned that Plaintiff served at least one subpoena on the SDPD on July 12, 2016, and Plaintiff has indicated that he has served other subpoenas to the SDPD. (*Id.*)

As the Court has already explained, these subpoenas are untimely. Plaintiff received discovery from the SDPD during the discovery period and could have sought the requested documents during discovery. He chose not to do so until now, only a few weeks before trial. Moreover, the Court has already quashed another subpoena for the exact same document requested in the July 12, 2016 subpoena to the SDPD. (ECF No. 125.) Therefore, the Court **GRANTS** Defendants' Motion to Quash All Subpoenas for Documents Issued to the SDPD.

### IV. Request for Sanctions

Defendants ask for sanctions against Plaintiff. The Court presently declines to issue sanctions. The Court's previous order cautioning Plaintiff against continuing to defy the Court's rules (ECF No. 125) was issued after he issued the subpoenas. And the Court acknowledges that "what is objectively reasonable for a *pro se* litigant and an attorney may not be the same." *Kennar v. Kelly*, No. 10-cv-2105, 2011 WL 2116997, at *9 (S.D. Cal. May 27, 2011). However, the Court again admonishes Plaintiff for not complying with the Court's rules. If Plaintiff continues to disobey the rules, the Court will seriously consider sanctions.

**IT IS SO ORDERED.**

Dated: August 2, 2016

Hon. Roger T. Benitez
United States District Judge